IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY MEDLIN,

Plaintiff,

v.

BOB EVANS FARMS, INC.,
JENNIFER BRENDEL, and
MARK UNDERWOOD,

Defendants.                                      Case No. 13-cv-1250-DRH-PMF

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I.   INTRODUCTION

Plaintiff Larry Medlin (Medlin) moves to remand this "slip and fall" case pursuant to 28 U.S.C. § 1447(c), arguing complete diversity does not exist. *See* 28 U.S.C. § 1332 (Doc. 6).  In opposition, defendants Bob Evans Farms, Inc. (BE), Jennifer Brendel (Brendel), and Mark Underwood (Underwood) (collectively, defendants), argue that the Court should deny remand in light of Medlin's fraudulent joinder of Underwood (Doc. 10).

Medlin's initial complaint filed solely against BE in Madison County, Illinois, alleged BE's negligence in failing to maintain the sidewalks outside of its Collinsville, Illinois, restaurant, causing Medlin to sustain "personal injuries to his body" (Doc. 10-1).  The parties stipulated to dismissal of this initial action without

prejudice on November 20, 2012 (Doc. 10-2). Nearly a year later, Medlin re-filed his action in Jefferson County, Illinois, this time joining Brendel, the alleged "store manager" of BE, and Underwood, an alleged "agent, servant, or employee," of BE, as defendants along with BE. Medlin brings separate counts of negligence against Brendel and Underwood (Doc. 2).

The parties do not dispute that Medlin is a citizen of Illinois, BE is a citizen of Ohio, Brendel is a citizen of Missouri, and Underwood is a citizen of Illinois. Defendants removed this action to this Court, invoking diversity jurisdiction, alleging the Court should disregard Underwood's citizenship as Medlin fraudulently joined Underwood in an attempt to obstruct defendants' removal of this action. Because Medlin and Underwood share the same citizenship, Medlin instantly moves to remand this action, pursuant to 28 U.S.C. § 1447(c).

## II.  LAW AND APPLICATION

The federal removal statute, 28 U.S.C. § 1441, provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts must narrowly construe the removal statute and thus doubts as to removal are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal bears the burden of establishing federal jurisdiction. *See id.*

Defendants rely on 28 U.S.C. § 1332, diversity jurisdiction, which states, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--- citizens of different States." 28 U.S.C. § 1332(a)-(a)(1). The diversity statute requires "complete diversity," meaning "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

In this case, the problem is that Medlin and Underwood are both citizens of Illinois. Thus, unless Underwood's citizenship is disregarded, this Court must remand this action.

A plaintiff may not sue a non-diverse "defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins.Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (citing *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir. 1993)). "Such joinder is considered fraudulent, and is therefore disregarded, if the [diverse] defendant can show there exists no 'reasonable possibility that a state court would rule against the [non-diverse] defendant.'" *Id.* (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)); *see also Morris v. Nuzzo*, 718 F.3d 660, 671 n. 5 (7th Cir. 2013) ("We stick exclusively to our own 'any reasonable possibility' test in this opinion....").

A defendant "bear[s] a heavy burden to establish fraudulent joinder," and courts must "resolv[e] all issues of fact and law in favor of the plaintiff." *Poulos*,

959 F.2d at 73. The Seventh Circuit has suggested that this "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). While an evaluation of fraudulent joinder is generally limited to the complaint, a district court may look outside the complaint in limited circumstances to establish fraudulent joinder. *See Faucett v. Ingersoll–Rand Mining & Mach. Co.,* 960 F.2d 653, 655 (7th Cir. 1992) ( "Minor's uncontradicted affidavit, essentially stating that he has had absolutely nothing to do with any roof-bolters at the Peabody Mine, is sufficient to establish fraudulent joinder. The district court correctly asserted jurisdiction over this case.").

Although the parties do not expressly raise a choice-of-law dispute, the Court feels it must address the applicable substantive law. Without rhyme or reason, defendants repeatedly cite decisions of various circuit, district, and state courts, most notably those of the Fifth Circuit and Louisiana.

When sitting in diversity, a federal court must apply the choice-of-law rules of the forum state in which it sits to determine the applicable substantive law. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). In tort actions such as this one, Illinois courts apply the substantive law of the forum with the "most significant relationship" to the case. *Id.* (citing *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996)). As Medlin is a citizen of Illinois and Illinois is the site of the injury, this Court will look to Illinois law to determine whether

defendants have met their burden of proving no reasonable probability of Medlin's recovery against Underwood exists.

In support of fraudulent joinder, defendants attach an affidavit of Brendel stating that she was BE's assistant general manager at the time of Medlin's fall at the BE restaurant in Collinsville, Illinois. On that day, Underwood was working as a BE host/cashier. Brendel states that as a host/cashier, Underwood was "not responsible for the inspection and maintenance of the sidewalks, curbs or parking lots" (Doc. 10-4).

Medlin's Count III alleges Underwood was an "agent, servant, or employee" of BE at the time of Medlin's fall and that "he was capable of seeing the site of the fall and alerting [Medlin] of danger." And further, "the BE policy manual provides that it is the responsibility of the *manager* to assign outside maintenance to be done by his/her assistance and to follow up to see that it is done." Thus, "Underwood had a duty . . . as an employee subservient to the manager" (Doc. 2, pp. 12-13) (emphasis added).

Defendants argue there is no reasonable probability of Medlin's recovery against Underwood because as a host/cashier he had no duty to inspect or maintain the sidewalks. In support of his alleged duty, Medlin's complaint merely cites the alleged policy manual which states it is the duty of the manager to assign outside maintenance and ensure that it is done. Brendel avers Underwood was not responsible for such maintenance. Medlin's complaint alleges Underwood's duty arises from his status as an "employee subservient to the manager."

In Illinois, it is recognized as, "a general rule of agency that an agent is not liable for torts committed by his principal personally. In other words, an agent's liability 'is based on the duty which he himself owes to the third person.' In most jurisdictions it is that duty which is the test of liability. An agent is not liable merely because his principal fails to discharge affirmative duties which the principal owed to the third person." *Behr v. Club Med., Inc.*, 546 N.E.2d 751, 759-60 (Ill. App. 1989) (citations omitted); *see also Bovan v. Am. Family Life Ins. Co.,* 897 N.E.2d 288, 295 (Ill. 2008) ("An agent is subject to tort liability to a third party harmed by the agent's conduct only when the agent's conduct breaches a duty that the agent owes to the third party."). Medlin merely alleges employees *can be* viable defendants in negligence actions. *See Shur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 767 (7th Cir. 2009). Defendants do not dispute that employees can be viable defendants. However, defendants have met their burden of demonstrating Underwood is not a viable defendant in this action. Medlin's complaint cites the alleged manual as demonstrative of Underwood's duty to maintain the walkways. Based on Medlin's allegations, the manual did not place a duty on Underwood to maintain the walkways. Brendel avers it was not Underwood's duty to maintain the walkways. It is clear to the Court that Underwood's status as a host/cashier on the day of Medlin's alleged fall does not demonstrate he owed Medlin a duty to maintain and inspect the walkways and thus there is no reasonable probability that an Illinois state court would find him personally liable. Medlin joined Underwood solely for the purpose of destroying

diversity jurisdiction and thus his citizenship is disregarded. Medlin's motion to remand is denied.[1]

### III. CONCLUSION

For the reasons stated above, Count III and Underwood are **DISMISSED with prejudice** from this action on the basis of defendant Underwood's fraudulent joinder. Thus, Medlin's motion to remand is **DENIED** (Doc. 6).

**IT IS SO ORDERED.**

Signed this 17th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.17 13:56:53 -05'00'

**Chief Judge
United States District Court**

---

[1] Defendants additionally oppose remand in reliance on a statute of limitations defense under Illinois law. However, as defendants do not specifically address and/or request dismissal of Medlin's claims, the Court will not address defendants' statute of limitations defense at this time.